UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CROP PRODUCTION SERVICES, INC.<br>*Plaintiff*<br>v.<br>Kelley Ag Service, Inc., et al<br>*Defendants* | CIVIL ACTION NO._____<br><br>JUDGE JAMES<br><br>MAGISTRATE JUDGE _____ |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Crop Production Services, Inc., (hereafter, "CPS") a Maryland business corporation authorized to do and doing business in Louisiana with its principal place of business in Louisiana situated in East Baton Rouge Parish (hereafter "CPS") who with respect avers:

### I. Jurisdiction

1. This is an action seeking to collect a debt, secure a money judgment and for recognition and enforcement of security rights enjoyed by CPS.

2. CPS is a Maryland business corporation.

3. Each of the defendants hereafter named (see Article III) is domiciled in a state other than Maryland.

4. The amount in controversy as set forth with particularity in Article IV exceeds $75,000.00.

5. The court enjoys jurisdiction based upon diversity of citizenship between the plaintiff and all defendants pursuant to 28 USC §1332(a)(1).

## II. VENUE

6.  Venue is proper in this court pursuant to 28 USC §1391(b)(1)&(2) as the defendants reside within this district and the events forming the basis of this action occurred within this judicial district.

## III. DEFENDANTS

7.  The parties named defendants in this complaint are:

    A.  Kelley Ag Service, Inc., a Louisiana business corporation whose domicile address is 124 Kelley Road, Delhi, LA 71232 (hereafter, "KAS"); and

    B.  Thomas A. Dickerson, a person above the age of majority whose domicile address is 845 Lamar Church Road, Delhi, LA 71232 (hereafter, "Dickerson").

## IV. FACTS

8.  CPS supplied goods and services for the farming operations of KAS for the crop year 2015, the said goods and services supplied to and received by KAS pursuant to a written credit agreement represented by that certain promissory note (hereafter, the "Note" and attached hereto as Exhibit "A") executed by KAS by and through a duly authorized representative, Ronnie Kelley, on January 30, 2015[1], in the original principal sum of $670,990.00[2], bearing interest from execution at the rate of 7.75% per annum until paid with payment to be in a single payment on or before December 15, 2015.

9.  The Note is secured by the following:

    A.  The individual guaranty of Thomas A. Dickerson as stated in the last paragraph of the note and as articulated more completely in an act of "Continuing Unconditional Guaranty" (hereafter, "Continuing

---

[1] The date shown on Note is erroneously stated as being January 30, 2016 when in truth it was executed on the same day in 2015, this fact being demonstrated by virtue of the dates affixed to Agreement and Continuing Guaranty which were executed at the same time as Note.

[2] Pursuant to ¶2 of Agreement referenced in ¶9(B) of this complaint, the "Indebtedness" of KAS is described as "all debts and liabilities and obligations owed by Debtor (KAS) to Creditor (CPS) of any nature…".

        Guaranty"), dated January 30, 2015, which is attached as Exhibit "B", pages 1 and 2; and

B.    A Security Agreement (hereafter, the "Agreement") executed on January 30, 2015 by KAS in favor of CPS granting unto CPS a security interest in all crops and farm products, livestock and poultry and equipment owned by KAS, the Agreement being attached hereto as Exhibit "C", pages 1 through 3.

10.    The security interest described in the preceding paragraph was perfected by CPS's filing of two UCC-1(F) forms on March 16, 2016 under filing number 42-210769, the forms being attached hereto as Exhibit "D", pages 1 through 3.

11.    KAS has defaulted on the note and Agreement by failing to pay, when due, the December 15, 2015 installment and other sums owed and remains in default thereafter by failing to pay in full such installment, pursuant to the provisions of the Note and Agreement. Dickerson, as guarantor, has not satisfied the obligation owed by KAS.

12.    CPS is owed the following amounts under the Note and Security Agreement: (a) principal of $542,439.07 representing the products and services provided, plus accrued finance charges through March 31, 2016 of $45,475.14 and with interest on the outstanding principal only continuing to accrue at 7.7% per annum from April 1, 2016 until paid; (b) all expenses incurred in enforcing the Note and Security Agreement including contract attorney's fees of 25% of the amount due; (c) if/as applicable, such other or additional amounts incurred or advanced for taxes, insurance premiums, special assessments, repairs to and/or maintenance of the property, for the protection, preservation, repair and recovery of the property, for the protection and preservation of the lien of the mortgage, for the protection and preservation of the mortgagee's interest thereunder, and other amounts provided by the mortgage and applicable law, such as late charges, escrow advances for the payment of taxes and insurance, corporate advances, property appraisals, inspection fees, prior attorney fees and expenses, abstract and title charges, NSF

charges, attorney fees and expenses, and other charges which plaintiff is permitted to prove by affidavit filed or submitted before distribution by the sheriff of the proceeds of the judicial sale herein; and (d) all law charges, costs, fees and expenses including marshal's or sheriff's commission and fees.

13. CPS is entitled to the recognition of, and in due course the enforcement of, the aforedescribed security interest and hereby requests the recognition of same, which affects the property more particularly described in the UCC 1-F forms attached as Exhibit "D".

### V. RELIEF REQUESTED

14. CPS requests that the court render judgment in its favor in the amount set forth in Paragraph 12 hereof and that the aforedescribed security interest be recognized and declared enforceable in accordance with law.

### VI. CONCLUSION AND PRAYER

**WHEREFORE, THE PREMISES CONSIDERED, CPS PRAYS** that judgment be rendered herein in its favor and against the Kelley Ag Services, Inc. and Thomas A. Dickerson, in solido, in the full sum of (a) principal and interest through March 31, 2016 of $587,914.21 with interest on the principal only ($542,439.07) continuing to accrue at 7.75% per annum from April 1, 2016 until paid; (b) all expenses incurred in enforcing the note and mortgage including contract attorney's fees of 25% of the amount due; (c) if/as applicable, such other or additional amounts incurred or advanced for taxes, insurance premiums, special assessments, repairs to and/or maintenance of the property, for the protection, preservation, repair and recovery of the property, for the protection and preservation of the lien of the mortgage, for the protection and preservation of the mortgagee's interest thereunder, and other amounts provided by the mortgage and applicable law, such as late charges, escrow advances for the payment of taxes and

insurance, corporate advances, property appraisals, inspection fees, prior attorney fees and expenses, abstract and title charges, NSF charges, attorney fees and expenses, and other charges which plaintiff is permitted to prove by affidavit filed or submitted before distribution by the sheriff of the proceeds of the judicial sale herein; and (d) all law charges, costs, fees and expenses including sheriff's commission.

**CPS FURTHER PRAYS** that the security interest in its favor be recognized and declared enforceable in accordance with the law.

**CPS FINALLY PRAYS** for full, just and equitable relief and for all notices, orders and decrees necessary and proper in the premises.

          **HAYES, HARKEY, SMITH & CASCIO, LLP**
          P. O. Box 8032
          2811 Kilpatrick Boulevard (71201)
          Monroe, Louisiana 71211-8032
          Telephone (318) 387-2422

          BY:  /s/ *C. Joseph Roberts, III*
               **C. Joseph Roberts, III (TA)**
               Louisiana Bar Roll No. 11312
               **Thomas M. Hayes, III**
               Louisiana Bar Roll No. 6685

          ATTORNEYS FOR CROP PRODUCTION SERVICES, INC.

Service information:

    CPS will cause service to be effected as directed in Rule 4, FRCP as to each of the following:

        A.    Kelley Ag Service, Inc., a Louisiana business corporation whose domicile address is 124 Kelley Road, Delhi, LA 71232; and

        B.    Thomas A. Dickerson, a person above the age of majority whose domicile address is 845 Lamar Church Road, Delhi, LA 71232.

5